STATE OF NORTH CAROLINA
v.
CRAIG WILLIAM FREELAND.
No. COA08-1388.
Court of Appeals of North Carolina.
Filed July 7, 2009.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for the State.
Glover & Petersen, P.A., by James R. Glover, for defendant-appellant.
BRYANT, Judge.
Defendant appeals his convictions of first degree burglary, first degree kidnapping, and second degree rape. We find no error.

Facts
The State's evidence tended to show that on 6 May 2006, T.M. was a sixty-five year old widow living alone in a mobile home in the Buckhead Farms Mobile Home Park located in Cumberland County. At approximately 11:00 p.m. that night, T.M. was asleep on her couch when she heard a knock at her front door. T.M. went to open the door and saw a white male with blond hair wearing a red shirt outside. T.M. did not know the man and closed the door. T.M. called 911 when the man continued to knock on her door. The operator told T.M. to call a different number, but she called her pastor instead. While T.M. was talking to her pastor, Ho Youn Hwang ("Hwang"), the telephone line went dead.
T.M. testified that defendant kicked in the front door. She further testified that defendant had a knife in his hand, that he punched her in her face, and moved her to her bedroom. There, defendant removed T.M.'s clothing and raped her and performed forcible oral and anal sex on her. At trial, T.M. identified defendant as the man who knocked on her door and sexually assaulted her.
Concerned about T.M., Hwang drove to T.M.'s home. On the way, he noticed police vehicles at a Kentucky Fried Chicken and pulled in. Hwang told Hope Mills Police Officers Lee Summers and Gregory White that he believed T.M. was being robbed. The officers followed Hwang to T.M.'s home.
Once at the residence, Hwang began knocking on the front door. The officers began circling the residence in opposite directions and observed a white male, with a red, multi-colored shirt run out of the back door. The officers immediately gave chase. They lost sight of the man briefly. With the help of bystanders, officers were able to find the man hiding behind some wooden steps. Officers Summers and White identified defendant as the man they saw run from T.M.'s residence.
Defendant was searched for weapons. The search of defendant's person did not reveal any weapons, nor did the officers discover a weapon in the areas where they knew defendant had been.
T.M. was taken to the hospital where a rape kit was completed. T.M. recounted the events to Joanne Broomer, a registered nurse on duty at the emergency room. T.M. told Ms. Broomer that her attacker had a knife or gun.
Subsequently, defendant's wallet with his identification card, Social Security card, and a Louisiana driver's license were found in T.M.'s bedroom. T.M. and her son also found defendant's checkbook in her bedroom.
On 4 April 2008, a jury found defendant guilty of first degree burglary, first degree kidnapping, and second degree rape. Defendant was sentenced to a minimum 90 to a maximum of 117 months for one count of second-degree rape, 77 to 102 months for one count of first-degree burglary, and 29 to 44 months for one count of kidnapping. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred by allowing the prosecutor, over objection, to argue facts not supported by the evidence during her closing argument.
"The standard of review for improper closing arguments that provoke timely objection from opposing counsel is whether the trial court abused its discretion by failing to sustain the objection." State v. Jones, 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002) (internal citations and quotation omitted). "When applying the abuse of discretion standard to closing arguments, this Court first determines if the remarks were improper." Id.
Here, during closing argument, the prosecutor offered the jury a story in which she played the part of an armed robber who shot the victim when she would not part with her wallet. The prosecutor described a witness who did not see the shooting, but heard the gunshot and saw her running away immediately after the shooting. When she is caught by the police, she does not have a gun in her pocket because as she was "dodging and weaving in between the houses," she sees "a little cubbyhole in the ground next to a tree, and [shoves] it under there, throw[s] some dirt over it and keep[s] running." Defendant objected. We do not deem the prosecutor's remarks improper.
During a closing argument to the jury an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue.
N.C. Gen. Stat. § 15A-1230(a)(2007). "Generally, counsel is allowed wide latitude in the scope of jury arguments." State v. Hill, 347 N.C. 275, 298, 493 S.E.2d 264, 277 (1997), cert. denied, 523 U.S. 1142, 140 L. Ed. 2d 1099(1998). "Counsel is permitted to argue the facts which have been presented, as well as reasonable inferences which can be drawn therefrom." Id.
T.M. testified that defendant had a knife. Before T.M. went to the hospital for treatment, Detective Sergeant J.T. Brown interviewed her and she told Detective Brown that her attacker had what she believed to be a knife in his hand. The telephone line leading to T.M.'s home had been cut. Detective Brown testified, without objection, that based upon his training and experience if a suspect has a weapon and flees the scene of a crime, "they're going to discard that weapon as fast as they can." Testimony from the officers who apprehended defendant revealed that defendant did not have a knife on him at the time of his arrest. A logical inference from this evidence is that defendant discarded the knife. As we previously stated, "counsel is allowed wide latitude" in closing arguments and counsel is permitted to argue "reasonable inferences which can be drawn [from the evidence]." Hill, 347 N.C. at 298, 493 S.E.2d at 277. Accordingly, we hold that the prosecutor's argument was proper and the trial court did not err in overruling defendant's objection.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).